Yana G. Henriks, Esq. (SBN 250638)
Email: YHenriks@law-mh.com
Justice D. Turner, Esq. (SBN 336579)
Email: JTurner@law-mh.com
**McMURRAY HENRIKS, LLP**
811 Wilshire Blvd., Suite 1640
Los Angeles, California 90017
Telephone: (323) 931-6200
Facsimile: (323) 931-9521

*Attorneys for Plaintiff, VINCENT TURREY*

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| VINCENT TURREY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a California municipal entity; LOS ANGELES POLICE DEPARTMENT, a public entity; POLICE CHIEF MICHAEL MOORE, an individual; OFFICER JOEL DOMINGUEZ, an individual; OFFICER RICARDO LEON, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 22STCV21409<br>**COMPLAINT FOR DAMAGES FOR**<br>1) **EXCESSIVE FORCE 42 U.S.C § 1983;**<br>2) **VIOLATION OF DUE PROCESS 42 U.S.C § 1983;**<br>3) **FAILURE TO PROPERLY TRAIN, SUPERVISE, AND DISCIPLINE 42 U.S.C § 1983,** (*Monell*);<br>4) **RATIFICATION,** (*Monell*);<br>5) **NEGLIGENCE;**<br>6) **ASSAULT;**<br>7) **BATTERY; and**<br>8) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>**DEMAND FOR JURY TRIAL** |

**EXHIBIT 1, PAGE 8**

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

**COMES NOW PLAINTIFF VINCENT TURREY**, to complain of DEFENDANTS and each of them, and hereby alleges as follows:

## I. INTRODUCTION

PLAINTIFF brings this action for excessive force against Defendants CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, POLICE CHIEF MICHAEL MOORE, OFFICER JOEL DOMINGUEZ, OFFICER RICARDO LEON, and DOES 1-50 for their odious and despicable treatment of PLAINTIFF while he was in their custody which caused him to suffer severe injuries, including but not limited to, three broken ribs, a collapsed lung, spinal compression fracture, and a fractured pelvis.

## II. JURISDICTION AND VENUE

1. Venue in this court is appropriate under California Code of Civil Procedure § 395 (a), in that the underlying acts and injuries upon which the present action is based occurred in the County of Los Angeles, in the state of California.

2. Defendants reside and/or transact business in the County of Los Angeles and are within the jurisdiction of this Court for purposes of service of process.

3. Jurisdiction is proper in this case in that the amount in controversy is in excess of the statutory requirements of this court.

## III. PARTIES

4. Plaintiff VINCENT TURREY (herein "PLAINTIFF") is, and was at all times relevant herein, an individual residing in the County of Los Angeles, in the State of California.

5. PLAINTIFF is informed and believes, and based thereon alleges, that Defendant CITY OF LOS ANGELES (herein "CITY") is now, and at all times mentioned in this Complaint was, a municipal entity organized and existing under the laws of the State of California. PLAINTIFF is informed and believes, and based thereon alleges, that the LOS ANGELES POLICE DEPARTMENT (herein "LAPD"), is a subdivision of Defendant CITY and is regarded as identical thereto for the purposes of this pleading unless otherwise indicated.

6. Defendant POLICE CHIEF MICHAEL MOORE (herein "MOORE") is and at all pertinent times was, an individual employed by Defendants CITY and LAPD.

7. PLAINTIFF is informed and believes, and based thereon alleges, that Defendant OFFICER JOEL DOMINGUEZ, Serial No. 40030 (herein "DOMINGUEZ"), is and at all pertinent times was, an individual employed by Defendants CITY and LAPD.

8. PLAINTIFF is informed and believes, and based thereon alleges, that Defendant OFFICER RICARDO LEON, Serial No. 43364 (herein "LEON"), is and at all pertinent times was, an individual employed by Defendants CITY and LAPD.

9. In doing the acts alleged in this Complaint, Defendant OFFICERS were acting under the color of statutes, ordinances, regulations, customs, laws, and usages of Defendants CITY and LAPD and the State of California and under the authority of their respective offices and pursuant to the course of their employment as LAPD officers.

10. All the facts, acts, omissions, events, and circumstances herein mentioned and described occurred in the County of Los Angeles, in the State of California.

11. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 50, inclusive, and each of them, are unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names. Defendant DOES 1 through 50 were police officers, officials, employees, and/or agents of Defendants CITY and LAPD. At all times relevant hereto, these defendants were acting in their professional capacity within the course and scope of their agency and/or employment, and/or were the agents, servants, and employees of each other and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer.

12. At all times relevant herein, each Defendant named herein including all fictitiously named Defendants DOES 1 through 50, herein was an owner, employer either individually or jointly with others, agent, partner, joint-venturer, representative, servant, employee, and/or coconspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with

the ratification, knowledge, permission, encouragement, authorization, and consent of each Defendant designated herein.

13. Defendants, and each of them, were the agents, employees, and servants of each other and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either express or implied, of their principal and/or employer and each of the other Defendants, and each of the Defendants had approved or ratified the actions of the other Defendants thereby making all named Defendants herein liable for the acts and/or omissions of their agents, servants, and/or employees.

14. PLAINTIFF will amend this Complaint to allege such Defendants' true names and capacities when they have been ascertained. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the acts and occurrences herein alleged, whether such acts and occurrences were committed intentionally, negligently, recklessly, or otherwise and that each said DOE Defendant is liable to PLAINTIFF for the damages claimed herein. PLAINTIFF is informed and believes and thereon alleges that each of the Defendants herein fictitiously named as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred, and therefore, proximately caused the injuries and damages to PLAINTIFF as herein alleged.

15. On November 22, 2021, PLAINTIFF presented Defendant CITY with a Claim for Damages sustained because of the incident described in this Complaint, and apprising Defendant of the substance of the claims asserted herein, pursuant to California Government Code §§ 905, 910, *et seq.*

16. On January 6, 2021, PLAINTIFF's Claim was rejected as a matter of law pursuant to California Government Code § 911.6.

17. PLAINTIFF has exhausted all administrative remedies and the current action is being timely filed within the statute of limitations.

### IV. STATEMENT OF FACTS

18. PLAINTIFF repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

**EXHIBIT 1, PAGE 11**
**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

19. On or around July 6, 2021, Mr. Turrey was stopped by LAPD Defendant OFFICER JOEL DOMINGUEZ and OFFICER RICARDO LEON and was subjected to excessive force by LAPD Officers. Specifically, on July 6, 2021, at approximately 5:30 p.m., LAPD Officers confronted Mr. Turrey on suspicion of purchasing a firearm and possession of an illegal substance. Mr. Turrey briefly ran but was quickly apprehended by Defendant LAPD Officers.

20. PLAINTIFF did not act erratically or make any threatening gestures or movements toward Defendants. PLAINTIFF was not openly displaying or gesturing with any type of weapon. Defendants had no basis to believe PLAINTIFF had committed a serious crime.

21. However, LAPD Officers then employed excessive force by viciously and continuously beating Mr. Turrey, without any valid reason, while he was already in custody of the LAPD. Upon information and belief, one of the LAPD Officers not only continually and viciously beat Mr. Turrey after he complained that he could not breathe, but also dragged Mr. Turrey across the concrete, further injuring him.

22. As a result of this incident, Mr. Turrey sustained severe injuries, including but not limited to, three broken ribs, a collapsed lung, spinal compression fracture, and a fractured pelvis. These injuries required serious medical intervention and significant medical and mental treatment.

23. The injuries stemming from the excessive force inflicted on Mr. Turrey by the LAPD Officers at the time of his arrest were so severe that he was transported to LAC+USC Medical Center, located at 2051 Marengo St., Los Angeles, CA 90033, where he underwent ***extensive medical treatment for five days***.

24. Mr. Turrey was placed in an upper body brace and provided a wheelchair. He still uses a wheelchair and requires the use of a walker for ambulation, which is severely restricted as his hip cannot bear weight or provide balance. He is in chronic pain from a healed fracture deformity of his pubic ramus near the junction of the ischium. He has been informed by medical staff that he will require several months of physical therapy once he is healthy enough to benefit from it, and that his gait will never be the same.

25. Furthermore, Mr. Turrey's treating physician instructed the Los Angeles County Sheriff's Department that, due to the severity of his injuries, Mr. Turrey is restricted from using stairs,

and can only use elevators. He is also medically restricted to a bottom bunk because he is unable to climb up to a top bunk. Mr. Turrey was also prescribed several medications for pain and inflammation.

26. After being released from the hospital back into LAPD custody, Mr. Turrey was transferred to the disability unit of Twin Towers Correctional Facility, located at 450 Bauchet St., Los Angeles, CA 90012, where he remained under medical observation for at least an additional 30 days. He has since been transferred to state prison.

27. The improper conduct of LAPD Officers, and each of them, resulted in PLAINTIFF sustaining economic damages and non-economic damages, including but not limited to loss of income, loss of earning capacity, severe mental anguish, emotional distress, worry, fear and anxiety, difficulty sleeping, headaches, loss of feeling in his arms, and tearfulness and anger as a result of the improper and reckless acts of the public entities named herein and/or their employees, agents, servants, and representatives.

28. Defendants CITY and LAPD, by and through their supervisory employees and officials, have been on notice through Complaints, both formal and informal, that its officers have repeatedly engaged in a pattern and practice of purposefully abridging the rights, constitutional and otherwise, of persons within their jurisdiction. Despite such notice, the CITY and LAPD, and certain of the DOE Defendants, and each of them, demonstrated deliberate indifference to this pattern and practice of violations of rights by failing to take necessary, appropriate, or adequate measures to ensure the cessation of such conduct. This deliberate indifference of the Defendants amounts to an informal policy or custom, and ratification of said policy or custom resulted in their being another proximate cause of the injury to PLAINTIFF.

29. As a direct and proximate cause of the acts alleged above, PLAINTIFF has had to hire the services of an attorney. PLAINTIFF has incurred and continues to incur legal expenses, costs, and attorneys' fees, and is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b). PLAINTIFF is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

/// ///

/// ///

## FIRST CAUSE OF ACTION

## EXCESSIVE FORCE, 42 U.S.C. § 1983

### (Against Defendants DOMINGUEZ, LEON, and DOES 1-50)

54. PLAINTIFF re-alleges and incorporates by reference each and every allegation contained in this Complaint as though set forth herein in full.

55. PLAINTIFF had a clearly established right under the Fourth Amendment to be free from official infliction of excessive force.

56. PLAINTIFF complied with all Defendant Officers commands.

57. PLAINTIFF did not act erratically or make any threatening gestures or movements toward Defendants. PLAINTIFF was not openly displaying or gesturing with any type of weapon. Defendants had no basis to believe PLAINTIFF had committed a serious crime.

58. PLAINTIFF posed no threat to Defendants DOMINGUEZ, LEON, and DOES 1-50 when they attacked PLAINTIFF after he had already been subdued, or when they viciously beat him while he was restrained with his hands cuffed behind his back. PLAINTIFF did not pose a threat to Defendants, and thereby their actions constituted excessive force.

59. As a result, the use of excessive force was objectively unreasonable under the totality of the circumstances. The excessive force used was also performed with a deliberate indifference to the safety and welfare of PLAINTIFF. Defendants' actions thus deprived PLAINTIFF of his right to be free from the use of excessive force by law enforcement.

60. Defendant officers known to be DOMINGUEZ, LEON, and DOES 1-50 did not intervene to protect PLAINTIFF despite witnessing the excessive force employed by DOMINGUEZ, LEON, and/or other DOE officers. They were able to intervene to halt this unconstitutional conduct. Their refusal to intervene violated their constitutional and moral duty to protect and serve the public.

61. At all times herein, Defendants DOMINGUEZ, LEON, and DOES 1-50 were acting within the course and scope of their employment as police officers within LAPD.

62. Defendants DOMINGUEZ, LEON, and DOES 1-50 acted under color of law and knew that viciously beating PLAINTIFF without justification in these circumstances constituted the use of excessive force under clearly established law.

63. The conduct alleged herein caused PLAINTIFF to be deprived of his civil rights that are protected under the United States Constitution, California Constitution, and federal and state laws. The actions of Defendants DOMINGUEZ, LEON, and DOES 1-50 have legally, proximately, foreseeably, and actually caused PLAINTIFF to suffer physical injury, emotional distress, pain and suffering, unjust deprivation of his liberty and freedom, and further general and special damages according to proof at the time of trial.

64. As a result of the foregoing, PLAINTIFF suffered substantial injuries including but not limited to three (3) broken ribs, a collapsed lung, and a fractured hip. PLAINTIFF was forced to wear an upper body/armor like cast and was unable to walk without the assistance of a walker.

65. As a further result of the foregoing, PLAINTIFF is entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

66. In committing the acts described above, PLAINTIFF is informed and believes Defendants DOMINGUEZ, LEON, and DOES 1-50 acted with oppression, fraud, or malice, entitling PLAINTIFF to an award of punitive damages under 42 U.S.C. § 1983 and California Code of Civil Procedure § 337.34 against Defendants DOMINGUEZ, LEON, and DOES 1-50 in an amount according to proof at time of trial.

### SECOND CAUSE OF ACTION 42 U.S.C. § 1983
### VIOLATION OF DUE PROCESS
**(Against Defendants DOMINGUEZ, LEON, and DOES 1-50)**

67. PLAINTIFF re-alleges and incorporates by reference each and every allegation contained in this Complaint as though set forth herein full.

68. The Substantive Due Process clause forbids the government from depriving a person of life, liberty, or property in such a way that shocks the conscience or interferes with the rights implicit in the concept of ordered liberty.

69. Defendants DOMINGUEZ, LEON, and DOES 1-50 initiated an arbitrary arrest and employed excessive force onto PLAINTIFF without justification in violation of the Due Process Clause of the Fourteenth Amendment.

70. The actions of Defendants DOMINGUEZ, LEON, and DOES 1-50 shocks the

conscience.

71. PLAINTIFF complied with all Defendant officer commands.

72. PLAINTIFF posed no threat to Defendants DOMINGUEZ, LEON, and DOES 1-50 when they attacked PLAINTIFF after he surrendered, or when they viciously beat him while he was restrained with his hands cuffed behind his back.

73. Defendants DOMINGUEZ, LEON, and DOES 1-50 had the ability to reflect on their course of conduct before engaging in the use of excessive force and violating PLAINTIFF's liberty interest in his bodily security. Defendant officers affirmatively placed PLAINTIFF in a position of danger. Defendant officers consciously disregarded a substantial risk of serious harm.

74. As a result, PLAINTIFF was suffocated, punched, kicked, and stomped on resulting in numerous other violations to his person and privacy.

75. At all times herein Defendants DOMINGUEZ, LEON, and DOES 1-50 were acting within their scope and employment as police officers within LAPD.

76. The conduct alleged herein caused PLAINTIFF to be deprived of his civil rights that are protected under the United States Constitution, California Constitution, and federal and state laws. The actions of Defendants DOMINGUEZ, LEON, and DOES 1- 50 have legally, proximately, foreseeably, and actually caused PLAINTIFF to suffer physical injury, emotional distress, pain and suffering, unjust deprivation of his liberty and freedom, and further damages according to proof at the time of trial.

77. As a further result of the foregoing, PLAINTIFF is entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

78. The conduct alleged herein was done with oppression, fraud, malice, and/or deliberate or reckless disregard of constitutionally protected rights, justifying an award of exemplary damages against Defendants DOMINGUEZ, LEON, and DOES 1- 50 in an amount according to proof at the time of trial in order to deter defendant officers from engaging in similar conduct and to make an example by way of monetary punishment.

/// ///

/// ///

/// ///

## THIRD CAUSE OF ACTION

### FAILURE TO PROPERLY TRAIN, SUPERVISE, AND DISCIPLINE, 42 U.S.C. § 1983

### (*MONELL*)

### (Against Defendants CITY, LAPD, and DOES 1-50)

79. PLAINTIFF re-alleges and incorporates by reference each and every allegation contained in this Complaint as though set forth herein in full.

80. The CITY, LAPD, and DOES 1-50 as a matter of custom, practice, and policy, failed to maintain adequate and proper training for officers and law enforcement personnel in the LAPD necessary to educate the officers as to the Constitutional rights of arrestees, to prevent the consistent and systematic use of excessive force by arresting officers, and to prevent the excessive force and extra judicial punishment of potential arrestees by officers.

81. By perpetrating, sanctioning, tolerating, and ratifying the conduct and other wrongful acts, Defendants CITY, LAPD, and DOES 1-50 acted with an intentional, reckless, and callous disregard for the constitutional and human rights of PLAINTIFF.

82. Said custom, practice, and policy included a failure to adequately investigate, supervise, and discipline offending officers that fostered the custom, practice, and policy within the LAPD which resulted in the excessive use of force against PLAINTIFF.

83. Defendants CITY by and through LAPD, and DOES 1-50, have shown this longstanding pattern and history of failing to properly train, supervise, and discipline officers related to excessive force which is evidenced by the long list of civil actions filed against Defendants for such. These cases include Teresa Dominguez, et al. v. City of Los Angeles, et al. (2:17-cv-04557); Maria Hernandez, et al. v. City of Los Angeles (2:16-cv-02689); and Marcus Vaughn, et al. v. City of Los Angeles (2:16-cv-03086) just to name a few.

84. Defendant CITY, by and through its agents and/or employees, including LAPD and DOES 1-50, failed to properly train officers how to arrest an individual without using excessive force, when to correctly apply force, and/or what level of force is necessary for a suspect that has already been detained/arrested.

85. The constitutionally infirm lack of adequate training, supervision, and discipline as to the

officers and law enforcement personnel in this case caused PLAINTIFF to suffer general and special damages according to proof at the time of trial.

86. PLAINTIFF is entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

87. In committing the acts described above, PLAINTIFF is informed and believes Defendants CITY, LAPD, and DOES 1-50 acted with oppression, fraud, or malice, entitling PLAINTIFF to an award of punitive damages against Defendants CITY, LAPD, and DOES 1- 50 in an amount according to proof at time of trial.

## FOURTH CAUSE OF ACTION

### RATIFICATION, *MONELL*

**(Against Defendants CITY and LAPD)**

88. PLAINTIFF re-alleges and incorporates by reference each and every allegation contained in this Complaint as though set forth herein in full.

89. Defendants DOMINGUEZ, LEON, and DOES 1-50 employed excessive force and failed to properly engage PLAINTIFF during the arrest.

90. Defendants CITY, LAPD, MOORE, and DOES 1-50 knew or should have known that PLAINTIFF did nothing to deserve the severe injuries he suffered at the hands of Defendants DOMINGUEZ, LEON, and DOES 1-50.

91. Defendants CITY, LAPD, MOORE, and DOES 1-50 maintain an unconstitutional custom, policy, or practice, within the meaning of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) ("*Monell*") of employing excessive force, and depriving persons of life, liberty, and property.

92. Defendants CITY, LAPD, and MOORE either knew or had constructive knowledge that it should train their law enforcement personnel to follow all laws governing detentions, use of force, and arrests.

93. These Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

**EXHIBIT 1, PAGE 18**
**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

94. By perpetrating, sanctioning, tolerating, and ratifying the conduct and other wrongful acts of Defendants DOMINGUEZ, LEON, and DOES 1-50, Defendants CITY, LAPD, and MOORE acted with an intentional, reckless, and callous disregard for the constitutional and human rights of PLAINTIFF.

95. The conduct alleged herein violated PLAINTIFF's right alleged above which has legally, proximately, foreseeably, and actually caused PLAINTIFF to suffer general and special damages according to proof at the time of trial.

96. PLAINTIFF is also entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

97. In committing the acts described above, PLAINTIFF is informed and believes Defendants CITY, LAPD, MOORE, and DOES 1-50 acted with oppression, fraud, or malice, entitling PLAINTIFF to an award of punitive damages against Defendants CITY, LAPD, MOORE, and DOES 1-50 allowable under 42 USC § 1983 and Cal. Code of Civil Procedure § 377.20 et seq., and other state and federal law and to attorney fees and costs.in an amount according to proof at time of trial.

## FIFTH CAUSE OF ACTION

### NEGLIGENCE

### (Against All Defendants)

98. PLAINTIFF re-alleges and incorporates by reference each and every allegation contained in this Complaint as though set forth herein in full.

99. Defendant DOMINGUEZ, LEON, and DOES 1-50 were police officers acting within the course and scope of their employment who negligently, carelessly, and without reasonable care used excessive force against PLAINTIFF. Alternatively, at the time and place described above, each of the Defendants came upon PLAINTIFF and negligently, carelessly and/or recklessly concluded that he presented a risk of serious injury or harm to one of them, thereby necessitating the use of excessive force against him.

100. PLAINTIFF did not act erratically or make any threatening gestures or movements toward Defendants. PLAINTIFF was not openly displaying or gesturing with any type of weapon. Defendants had no basis to believe PLAINTIFF had committed a serious crime.

101. Defendants DOMINGUEZ, LEON, and DOES 1-50, and each of them, had the duty to exercise ordinary care towards PLAINTIFF and should have known that subjecting him to conduct described herein would lead to bodily injury and foreseeably cause the PLAINTIFF to suffer harm.

102. Defendants DOMINGUEZ, LEON, and DOES 1-50 breached their legal duty by failing to act reasonably in light of the circumstances.

103. Defendants DOMINGUEZ, LEON, and DOES 1-50 had the opportunity to intervene and failed to do so, thereby breaching their legal duty and failed to act reasonably in light of the circumstances.

104. Defendants CITY and LAPD are vicariously liable for the wrongful acts of Defendants DOMINGUEZ, LEON, and DOES 1-50 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

105. As a direct and proximate result of the foregoing, PLAINTIFF has been severely injured and deprived of his constitutional rights which amount to grievous general damages according to proof at trial.

## SIXTH CAUSE OF ACTION

### ASSAULT

#### (Against All Defendants)

106. PLAINTIFF re-alleges and incorporates by reference each and every allegation contained in this Complaint as though set forth herein in full.

107. PLAINTIFF is informed and believes that Defendants DOMINGUEZ, LEON, and DOES 1-50 with the knowledge, permission, and consent of Defendants CITY, LAPD, MOORE, and DOES 1-50 used excessive force against him though PLAINTIFF had not posed any reasonable threat of death or serious bodily injury to anyone.

108. Defendants DOMINGUEZ, LEON, and DOES 1-50 acted with an intent to cause apprehension of immediate harmful and/or offensive bodily contact when they viciously beat PLAINTIFF.

109. PLAINTIFF reasonably believed that he was going to be touched in a harmful or

offensive manner.

110. It reasonably appeared to PLAINTIFF that Defendants DOMINGUEZ, LEON, and DOES 1-50 were going to carry out this threat, and PLAINTIFF did not consent to this threat.

111. In doing the acts alleged in this Complaint, each of the Defendants DOMINGUEZ, LEON, and DOES 1-50 knew, or through the exercise of reasonable diligence should have known that their actions were likely to injure and cause harm to PLAINTIFF. PLAINTIFF is informed and believes, and thereon alleges, that each of those Defendants intended to cause him injury and/or death and acted with a malicious, willful, and conscious disregard for his rights. PLAINTIFF did nothing to justify the use of severe and malicious force against him. Accordingly, the conduct of Defendants DOMINGUEZ, LEON, and DOES 1-50 in using excessive force against PLAINTIFF justifies the awarding of punitive damages against each of the individual Defendants pursuant to Civil Code § 3294.

112. The CITY and LAPD are vicariously liable for the wrongful acts of Defendants DOMINGUEZ, LEON, and DOES 1-50 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

### SEVENTH CAUSE OF ACTION

### BATTERY

### (Against All Defendants)

113. PLAINTIFF re-alleges and incorporates by reference each and every allegation contained in this Complaint as though set forth herein in full.

114. PLAINTIFF is informed and believes that Defendants DOMINGUEZ, LEON, and DOES 1-50, with the knowledge, permission, and consent of Defendants CITY, LAPD, MOORE, and DOES 1-50 used excessive force against him though PLAINTIFF had not posed any reasonable threat of death or serious bodily injury to anyone.

115. Defendants DOMINGUEZ, LEON, and DOES 1-50 acted with an intent to cause apprehension of immediate harmful and/or offensive bodily contact when he/she/they attacked PLAINTIFF and viciously beat PLAINTIFF.

116. Defendants DOMINGUEZ, LEON, and DOES 1-50 acted with an intent to cause

apprehension of immediate harmful and/or offensive bodily contact when he/she/they went hands on and viciously beat PLAINTIFF.

117. The harmful and/or offensive bodily contact did in fact occur.

118. The harmful and/or offensive bodily contact was not privileged.

119. PLAINTIFF did not consent to harmful and/or offensive bodily contact used against him.

120. The harmful and/or offensive bodily contact employed by Defendants DOMINGUEZ, LEON, and DOES 1-50 was not reasonable.

121. In doing the acts alleged in this Complaint, each of the Defendants DOMINGUEZ, LEON, and DOES 1-50 knew, or through the exercise of reasonable diligence should have known that their actions were likely to injure and cause harm to PLAINTIFF. PLAINTIFF is informed and believes, and thereon alleges, that each of those Defendants intended to cause him injury and/or death and acted with a malicious, willful, and conscious disregard for his rights. PLAINTIFF did nothing to justify the use of severe and malicious force against him. Accordingly, the conduct of Defendants DOMINGUEZ, LEON, and DOES 1-50 in using excessive force against PLAINTIFF justifies the awarding of punitive damages against each of the individual Defendants pursuant to Civil Code § 3294.

122. The CITY and LAPD are vicariously liable for the wrongful acts of Defendants DOMINGUEZ, LEON, and DOES 1-50 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

### EIGHTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Against All Defendants)**

123. PLAINTIFF re-alleges and incorporates by reference each and every allegation contained in this Complaint as though set forth herein in full.

124. The conduct of Defendants DOMINGUEZ, LEON, and DOES 1-50 in causing PLAINTIFF's injuries due to the use of excessive force and racial discrimination was outrageous and exceeds the bounds tolerated in a civil society.

125. PLAINTIFF had committed no serious crime but was nevertheless confronted by

**EXHIBIT 1, PAGE 22**
**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

Defendants DOMINGUEZ and LEON.

126. Defendants DOMINGUEZ, LEON, and DOES 1-50 contravened basic police policy and practice when they went hands on with PLAINTIFF although he complied with all officer commands, had committed no serious crime, and did not pose a threat. Upon information and belief, Defendants DOMINGUEZ, LEON, and DOES 1-50 viciously beat PLAINTIFF while they restrained him, he was compliant, and unable to protect himself with his hands cuffed behind his back.

127. Defendants DOMINGUEZ, LEON, and DOES 1-50 willfully and/or recklessly violated PLAINTIFF's constitutional rights.

128. The actions of defendants' amount to extreme and outrageous conduct.

129. PLAINTIFF was in fact harmed as a legal result of the above-described threat.

130. Defendants DOMINGUEZ, LEON, and DOES 1-50 have state sanctioned power to deprive someone of their liberty. Defendants are required to act within the bounds of the Constitution due to these awesome powers. Defendants intentionally violated PLAINTIFF's Constitutional rights, which constitute conduct that exceeds all bounds tolerated by a civilized society.

131. Defendants were aware that engaging in this willful and/or reckless conduct had a probability of causing PLAINTIFF to suffer from severe emotional distress.

132. The actions of defendants have legally, proximately, foreseeably, and actually caused PLAINTIFF to suffer severe emotional distress.

133. As a result of the Defendants' conduct as described here, PLAINTIFF suffered physical and emotional pain and injury to his mind and body, all in an amount to be determined according to proof at trial.

134. The CITY and LAPD are vicariously liable for the wrongful acts of Defendants DOMINGUEZ, LEON, and DOES 1-50 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

135. The actions of Defendants have legally, proximately, foreseeably, and actually caused PLAINTIFF to suffer physical injury, emotional distress, pain and suffering, unjust deprivation of his liberty and freedom, and further damages according to proof at the time of trial. In doing the acts alleged

in this Complaint, Defendants DOMINGUEZ, LEON, and DOES 1-50 knew, or through the exercise of reasonable diligence should have known that their actions were likely to injure PLAINTIFF. PLAINTIFF is informed and believes, and thereon alleges, that each of those defendant officers intended to cause PLAINTIFF injury and acted with a malicious, willful, and conscious disregard for his rights. PLAINTIFF did nothing to justify the use of severe and malicious force against him. PLAINTIFF was unarmed and had not posed any reasonable threat to any person or officer at the scene. The unjustified use of severe and malicious force against him was inflicted with the intent to maliciously deprive him of his constitutional rights and/or to inflict injury on him. Accordingly, the conduct of Defendants DOMINGUEZ, LEON, and DOES 1- 50 as set forth above, justifies the awarding of punitive damages against each of the individual Defendants pursuant to Civil Code § 3294.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against Defendants as follows:

1. For general damages in an amount to be determined according to proof at trial;
2. For medical expenses, loss of wages and/or earning capacity, and related expenses in an amount to be determined according to proof at trial;
3. For attorney fees, costs, and expenses in an amount to be determined according to proof at trial;
4. For punitive damages against each of the defendants except Defendant CITY pursuant to Civil Code § 52(b)(1) and/or Civil Code § 3294;
5. For a statutory civil penalty of $25,000 pursuant to Civil Code § 52(b)(2) against each of the defendants except Defendant CITY, and for injunctive and/or declaratory relief thereon;
6. For injunctive and declaratory relief;
7. For costs of suit;

/// ///

/// ///

/// ///

/// ///

8. For legal interest on the judgment;

9. For such other and further relief as the Court deems just and proper.

Dated: June 30, 2022                                  **McMURRAY HENRIKS, LLP**

By: _____
Yana G. Henriks, Esq.
Justice D. Turner, Esq.
Attorneys for PLAINTIFF

                                    DEMAND FOR JURY TRIAL

# DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial on all of the causes of action listed above.

Dated: June 30, 2022                    **McMURRAY HENRIKS, LLP**

By: _____
Yana G. Henriks, Esq.
Justice D. Turner, Esq.
Attorneys for PLAINTIFF

**EXHIBIT 1, PAGE 26**
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL