Yana G. Henriks, Esq. (SBN 250638)
Email: YHenriks@law-mh.com
**McMURRAY HENRIKS, LLP**
811 Wilshire Blvd., Suite 1640
Los Angeles, CA 90017
Tel.: (323) 931-6200
Fax: (323) 931-9521

*Attorney for Plaintiff,* VINCENT TURREY

HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866x)
SCOTT MARCUS, Chief Assistant City Attorney (SBN 184980)
CORY M. BRENTE, Senior Assistant City Attorney (SBN 115453)
**IRVING R. ESTRADA, Deputy City Attorney (SBN 314785)**
200 N. Main Street, 6th floor
Los Angeles, California 90012
Tel: (213) 978-2247   Fax: (213) 978-8785
Email: Irving.Estrada@lacity.org

*Attorneys for Defendants,* CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, CHIEF MICHEL MOORE (named in the Complaint as "POLICE CHIEF MICHAEL MOORE"), OFFICER JOEL DOMINGUEZ and OFFICER RICARDO LEON

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT TURREY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a California municipal entity; LOS ANGELES POLICE DEPARTMENT, a public entity; POLICE CHIEF MICHAEL MOORE, an individual; OFFICER JOEL DOMINGUEZ, an individual; OFFICER RICARDO LEON, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | **CASE NO. CV22-05492 MCS (MRWx)**<br>*Hon. Mark C. Scarsi; 1st St CH – Ctrm. 7C*<br>*Hon. Mag. Michael R. Wilner; Roybal – Ctrm. 550*<br><br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>☒ Check if submitted without material modifications to MRW form |

1

1. INTRODUCTION

    1.1    PURPOSES AND LIMITATIONS

        Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    1.2    GOOD CAUSE STATEMENT

        WHEREAS Plaintiff VINCENT TURREY ("Plaintiff") is seeking materials and information that Defendant the City of Los Angeles ("City") maintains as confidential, including but limited to, video recordings, audio recordings, other confidential information and documents regarding this incident, and other administrative materials and information currently in the possession of the City and which the City believes need special protection from public disclosure and from use for any purpose other than prosecuting this litigation.

        The City asserts that the confidentiality of the materials and information sought by Plaintiffs is recognized by California and federal law, as evidenced inter alia by California Penal Code section 832.7 and Kerr v. United States Dist. Ct. for N.D. Cal., 511 F.2d 192, 198 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976).  The City has not publicly released the materials and information referenced above except under

protective order or pursuant to a court order, if at all. These materials and information are of the type that has been used to initiate disciplinary action against Los Angeles Police Department ("LAPD") officers, and has been used as evidence in disciplinary proceedings, where the officers' conduct was considered to be contrary to LAPD policy.

The City contends that absent a protective order delineating the responsibilities of nondisclosure on the part of the parties hereto, there is a specific risk of unnecessary and undue disclosure by one or more of the many attorneys, secretaries, law clerks, paralegals and expert witnesses involved in this case, as well as the corollary risk of embarrassment, harassment and professional and legal harm on the part of the LAPD officers referenced in the materials and information. The unfettered disclosure of the materials and information, absent a protective order, would allow the media to share this information with potential jurors in the area, impacting the rights of Defendant herein to receive a fair trial.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

The parties therefore stipulate that there is Good Cause for, and hereby jointly request that the honorable Court issue a Protective Order regarding confidential documents consistent with the terms and provisions of this Stipulation. However, the entry of a Protective Order by the Court pursuant to this Stipulation shall not be

1   construed as any ruling by the Court on the aforementioned legal statements or

2   privilege claims in this section, no shall this section be construed as part of any such

3   Court Order.  The City has not publicly released the documents, video or information

4   referenced above except under protective order or pursuant to court order, if at all.

5

6   2.     DEFINITIONS

7          2.1    Action: **Vincent Turrey v. City of Los Angeles, et al. 22-cv-05492-**

8   **MCS-MRWx.**

9          2.2    Challenging Party:  a Party or Non-Party that challenges the designation

10  of information or items under this Order.

11         2.3    "CONFIDENTIAL" Information or Items:  information (regardless of

12  how it is generated, stored or maintained) or tangible things that qualify for protection

13  under Federal Rule of Civil Procedure 26(c), and as specified above in the Good

14  Cause Statement.

15         2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their

16  support staff).

17         2.5    Designating Party:  a Party or Non-Party that designates information or

18  items that it produces in disclosures or in responses to discovery as

19  "CONFIDENTIAL."

20         2.6    Disclosure or Discovery Material:  all items or information, regardless of

21  the medium or manner in which it is generated, stored, or maintained (including,

22  among other things, testimony, transcripts, and tangible things), that are produced or

23  generated in disclosures or responses to discovery in this matter.

24         2.7    Expert:  a person with specialized knowledge or experience in a matter

25  pertinent to the litigation who has been retained by a Party or its counsel to serve as an

26  expert witness or as a consultant in this Action.

27  / / /

28  / / /

1    2.8    <u>House Counsel</u>:  attorneys who are employees of a party to this Action.

2   House Counsel does not include Outside Counsel of Record or any other outside

3   counsel.

4    2.9    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or

5   other legal entity not named as a Party to this action.

6    2.10    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party

7   to this Action but are retained to represent or advise a party to this Action and have

8   appeared in this Action on behalf of that party or are affiliated with a law firm which

9   has appeared on behalf of that party, and includes support staff.

10    2.11    <u>Party</u>:  any party to this Action, including all of its officers, directors,

11   employees, consultants, retained experts, and Outside Counsel of Record (and their

12   support staffs).

13    2.12    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or

14   Discovery Material in this Action.

15    2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support

16   services (e.g., photocopying, videotaping, translating, preparing exhibits or

17   demonstrations, and organizing, storing, or retrieving data in any form or medium)

18   and their employees and subcontractors.

19    2.14    <u>Protected Material</u>:  any Disclosure or Discovery Material that is

20   designated as "CONFIDENTIAL."

21    2.15    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material

22   from a Producing Party.

23

24   3.    <u>SCOPE</u>

25    The protections conferred by this Stipulation and Order cover not only

26   Protected Material (as defined above), but also (1) any information copied or extracted

27   from Protected Material; (2) all copies, excerpts, summaries, or compilations of

28   Protected Material; and (3) any testimony, conversations, or presentations by Parties

1  or their Counsel that might reveal Protected Material.

2  Any use of Protected Material at trial will be governed by the orders of the trial

3  judge.  This Order does not govern the use of Protected Material at trial.

4

5  4.   DURATION

6  Even after final disposition of this litigation, the confidentiality obligations

7  imposed by this Order will remain in effect until a Designating Party agrees otherwise

8  in writing or a court order otherwise directs.  Final disposition will be deemed to be

9  the later of (1) dismissal of all claims and defenses in this Action, with or without

10  prejudice; and (2) final judgment herein after the completion and exhaustion of all

11  appeals, rehearings, remands, trials, or reviews of this Action, including the time

12  limits for filing any motions or applications for extension of time pursuant to

13  applicable law.

14

15  5.   DESIGNATING PROTECTED MATERIAL

16  5.1  Exercise of Restraint and Care in Designating Material for Protection.

17  Each Party or Non-Party that designates information or items for protection under this

18  Order must take care to limit any such designation to specific material that qualifies

19  under the appropriate standards.  The Designating Party must designate for protection

20  only those parts of material, documents, items, or oral or written communications that

21  qualify so that other portions of the material, documents, items, or communications

22  for which protection is not warranted are not swept unjustifiably within the ambit of

23  this Order.

24  Mass, indiscriminate, or routinized designations are prohibited.  Designations

25  that are shown to be clearly unjustified or that have been made for an improper

26  purpose (e.g., to unnecessarily encumber the case development process or to impose

27  unnecessary expenses and burdens on other parties) may expose the Designating Party

28  to sanctions.

6

1    If it comes to a Designating Party's attention that information or items that it

2  designated for protection do not qualify for protection, that Designating Party must

3  promptly notify all other Parties that it is withdrawing the inapplicable designation.

4    5.2    Manner and Timing of Designations.  Except as otherwise provided in

5  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

6  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

7  under this Order must be clearly so designated before the material is disclosed or

8  produced.

9    Designation in conformity with this Order requires:

10    (a)  for information in documentary form (e.g., paper or electronic documents,

11  but excluding transcripts of depositions or other pretrial or trial proceedings), that the

12  Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter

13  "CONFIDENTIAL legend"), to each page that contains protected material.  If only a

14  portion or portions of the material on a page qualifies for protection, the Producing

15  Party also must clearly identify the protected portion(s) (e.g., by making appropriate

16  markings in the margins).

17    A Party or Non-Party that makes original documents available for inspection

18  need not designate them for protection until after the inspecting Party has indicated

19  which documents it would like copied and produced. During the inspection and before

20  the designation, all of the material made available for inspection will be deemed

21  "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants

22  copied and produced, the Producing Party must determine which documents, or

23  portions thereof, qualify for protection under this Order. Then, before producing the

24  specified documents, the Producing Party must affix the "CONFIDENTIAL legend"

25  to each page that contains Protected Material.  If only a portion or portions of the

26  material on a page qualifies for protection, the Producing Party also must clearly

27  identify the protected portion(s) (e.g., by making appropriate markings in the

28  margins).

1    (b)  for testimony given in depositions that the Designating Party identify the

2   Disclosure or Discovery Material on the record, before the close of the deposition all

3   protected testimony.

4    (c)  for information produced in some form other than documentary and for any

5   other tangible items, that the Producing Party affix in a prominent place on the

6   exterior of the container or containers in which the information  is stored the legend

7   "CONFIDENTIAL."  If only a portion or portions of the information warrants

8   protection, the Producing Party, to the extent practicable, will identify the protected

9   portion(s).

10    5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

11   failure to designate qualified information or items does not, standing alone, waive the

12   Designating Party's right to secure protection under this Order for such material.

13   Upon timely correction of a designation, the Receiving Party must make reasonable

14   efforts to assure that the material is treated in accordance with the provisions of this

15   Order.

16

17   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

18    6.1    Timing of Challenges.  Any Party or Non-Party may challenge a

19   designation of confidentiality at any time that is consistent with the Court's

20   Scheduling Order.

21    6.2    Meet and Confer.  The Challenging Party will initiate the dispute

22   resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1

23   et seq.

24    6.3    The burden of persuasion in any such challenge proceeding will be on the

25   Designating Party.  Frivolous challenges, and those made for an improper purpose

26   (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

27   expose the Challenging Party to sanctions.  Unless the Designating Party has waived

28   or withdrawn the confidentiality designation, all parties will continue to afford the

material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff;

/ / /

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification will include a copy of this Stipulated Protective Order; and

1    (c)  cooperate with respect to all reasonable procedures sought to be pursued
2    by the Designating Party whose Protected Material may be affected.

3    If the Designating Party timely seeks a protective order, the Party served with
4    the subpoena or court order will not produce any information designated in this action
5    as "CONFIDENTIAL" before a determination by the court from which the subpoena
6    or order issued, unless the Party has obtained the Designating Party's permission.  The
7    Designating Party will bear the burden and expense of seeking protection in that court
8    of its confidential material and nothing in these provisions should be construed as
9    authorizing or encouraging a Receiving Party in this Action to disobey a lawful
10   directive from another court.

11

12   9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
13   PRODUCED IN THIS LITIGATION

14    (a)  The terms of this Order are applicable to information produced by a
15   Non-Party in this Action and designated as "CONFIDENTIAL."  Such information
16   produced by Non-Parties in connection with this litigation is protected by the
17   remedies and relief provided by this Order.  Nothing in these provisions should be
18   construed as prohibiting a Non-Party from seeking additional protections.

19    (b)  In the event that a Party is required, by a valid discovery request, to
20   produce a Non-Party's confidential information in its possession, and the Party is
21   subject to an agreement with the Non-Party not to produce the Non-Party's
22   confidential information, then the Party will:

23    (1)  promptly notify in writing the Requesting Party and the Non-Party
24   that some or all of the information requested is subject to a confidentiality agreement
25   with a Non-Party;

26    (2)  promptly provide the Non-Party with a copy of the Stipulated
27   Protective Order in this Action, the relevant discovery request(s), and a reasonably
28   specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.   Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior

12

privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

    12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   FINAL DISPOSITION

    After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving

1   Party must submit a written certification to the Producing Party (and, if not the same
2   person or entity, to the Designating Party) by the 60 day deadline that (1) identifies
3   (by category, where appropriate) all the Protected Material that was returned or
4   destroyed and (2) affirms that the Receiving Party has not retained any copies,
5   abstracts, compilations, summaries or any other format reproducing or capturing any
6   of the Protected Material. Notwithstanding this provision, Counsel are entitled to
7   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing
8   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert
9   reports, attorney work product, and consultant and expert work product, even if such
10  materials contain Protected Material.  Any such archival copies that contain or
11  constitute Protected Material remain subject to this Protective Order as set forth in
12  Section 4 (DURATION).
13  / / /
14  / / /
15  / / /
16  / / /
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

14.     Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: 4/17/2023                    _____
                                                 *Attorneys for Plaintiff*

DATED: 4/18/2023                    _____
                                                 *Attorneys for Defendants*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 4/19/23                       _____
                                                 HON. MICHAEL R. WILNER
                                                 United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____

[**full address**], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States

District Court for the Central District of California on [date] in the case of

_____ [**insert case name and number**]. I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [**full**

**name**] of _____ [**full address and**

**telephone number**] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

16